UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BILLIE RAY ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:14-cv-2126-WTL-DKL |
| ) | |
| SUPERINTENDENT WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

**I. The Habeas Petition**

This cause is before the court on the petition of Billie Ray Adams ("Adams") for a writ of habeas corpus, on the respondent's return to order to show cause and on Adams' reply. The record has been appropriately expanded.

Having considered the pleadings and the expanded record, and being duly advised, the court again concludes that Adams' petition for a writ of habeas corpus must be **denied.** This conclusion is based on the following facts and circumstances:

1.      On September 16, 1972, Adams was convicted of two counts of first-degree murder and was sentenced to life imprisonment. *Adams v. State,* 314 N.E.2d 53 (Ind. 1974). Adams was initially sentenced to life imprisonment. A change in Indiana law in 1979 caused Adams to be eligible for parole in 1992, after service of 20 years of that life sentence, whereas he was not previously eligible.

2.     Since his conviction, including since 1992, Adams has repeatedly been denied parole.

3.     Contending that the steady denial of parole has violated his rights under state and federal law, Adams now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

4.     "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges*, 423 U.S. 19, 21 (1975). The scope of the Great Writ is limited because a viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *See Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010)("But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). As the Supreme Court has clearly stated, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011) (citing *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim presents no federal issue at all." *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

5.     The principles just recited means that an asserted violation of state law does not present a viable or cognizable claim for relief pursuant to § 2254(a). Adams is therefore not entitled to relief based on the asserted violations of Indiana law. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions").

6.     Adams' habeas petition also fails to present a viable claim for relief as to the constitutional adjectives which are used inasmuch as it has been definitively determined that under

Indiana statutes "a prisoner has neither a liberty nor a property interest in his application for parole." *Huggins v. Isenbarger*, 798 F.2d 203, 206 (7th Cir. 1986); see also *Hendrix v. Borkowski*, 927 F.2d 607 (7th Cir. 1991)("This court has concluded that the Indiana parole scheme creates neither a liberty nor property interest in an application for parole.")(citing *Huggins*); *Ware v. Rizzo*, No. 3:07-CV-584RM, 2007 WL 4287467, at *2 (N.D.Ind. Dec. 3, 2007)("Indiana has not created a protectable liberty interest in parole."). Adams concedes that he has no liberty interest in parole, but proceeds to argue the exact opposite. This takes him nowhere, however, for when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

      7.     The foregoing analysis shows that Adams is not entitled to a writ of habeas corpus. This conclusion pretermits the need to engage in any procedural analysis.

      8.     The petition for writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Long has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability

     IT IS SO ORDERED.

Date: 7/6/15

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Billie Ray Adams
DOC #2604
Correctional Industrial Facility
5124 West Reformatory Rd
Pendleton, IN 46064

Electronically Registered Counsel